IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| ENERGY ABSORPTION SYSTEMS, INC., a Delaware corporation,<br>        Petitioner,<br><br>v.<br><br>CARSONITE INTERNATIONAL CORPORATION, a Nevada corporation,<br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 9:05-0771-23<br>**ORDER** |

This matter is before the court upon two pending motions: (1) Petitioner Energy Absorption Systems, Inc.'s ("EAS") Petition to Compel Arbitration; and (2) Carsonite International Corporation's ("Carsonite") Motion to Stay Arbitration. For the reasons set forth herein, EAS's petition to compel arbitration is granted, and Carsonite's motion to stay arbitration is denied.

**BACKGROUND**

EAS and Carsonite both manufacture and sell delineator marker posts, which are used in a variety of contexts such as identifying and marking highways, hiking trails, and underground utility lines. On September 7, 1993, EAS[1] registered a highway safety traffic control delineator made of polymer material under U.S. Trademark Registration No. 1,791, 348

---

[1] Technically, this registration was filed by Safe Hit Corporation, an entity that was dissolved in 2002 after being absorbed into EAS. For purposes of this motion, the court simply refers to EAS. *See Carsonite et al v. Energy Absorption, et. al*, C.A. No. 9:04-1270-23, n.1 and 4 (D.S.C. Oct. 19, 2004).

(hereinafter "the '348 registration"). Carsonite currently manufactures a "FlexGuard delineator post" for use in the highway market.

The parties to this dispute have a long history of litigation related to the delineator products. On March 22, 1993, in an attempt to remedy two pending lawsuits in federal courts in Utah and Nevada, Carsonite and EAS[2] entered into a settlement agreement. Pursuant to the agreement, Carsonite was granted a license to manufacture and sell a two-part safety post that bore the distinctive shape and configuration of the '348 registration in the utility, federal, and recreational markets only; notably, the agreement did not allow Carsonite to market the delineator in the highway market. The agreement also contained an arbitration clause which provided:

> In the event of a dispute or disputes between the parties with regard to any provision, right, or obligation under this Agreement which the parties are unable to resolve themselves, the dispute or disputes shall be resolved first through non-binding mediation, and second through binding arbitration conducted by a single person selected by the parties to be mediator or arbitrator.

(EAS Pet., Ex. 1 at ¶ 24).

On February 25, 2004, EAS sent a cease and desist letter to Carsonite accusing Carsonite of advertising and selling a traffic delineator post - Carsonite's "FlexGuard" post - that infringed EAS's '348 registration. EAS claimed that Carsonite's use violated its federally registered

---

[2] Again, this settlement agreement was technically entered into between Safe Hit and Carsonite. While Carsonite now makes the argument that Energy Absorption is not a party to the settlement agreement, the court wholeheartedly disagrees, as this representation is patently inconsistent with positions taken by Carsonite in the earlier litigation. In that suit, Carsonite filed an Amended Complaint alleging that "Defendant Safe Hit is either a predecessor-in-interest merged into Energy Absorption, or else a wholly-owned subsidiary of Energy Absorption." *See Carsonite et al v. Energy Absorption, et. al*, C.A. No. 9:04-1270-23, n.1 and 4 (D.S.C. Oct. 19, 2004) (Am. Compl. ¶ 4).

trademark, and constituted a breach of the settlement agreement. The parties exchanged much correspondence relating to this dispute, and ultimately, Carsonite filed a declaratory judgment action with this court on April 21, 2004. *See Carsonite et al v. Energy Absorption, et. al*, C.A. No. 9:04-1270-23, n.1 and 4 (D.S.C. Oct. 19, 2004). EAS moved for judgment on the pleadings on the grounds that the dispute between the parties was subject to binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4. The court agreed, and granted EAS's motion. *See id.* at 12-13. Because EAS had not filed a Motion to Compel Arbitration, and because the court could not compel arbitration in another district,[3] the court dismissed the federal action without prejudice in order for the parties to pursue arbitration in the enumerated forum. *See, e.g.*, *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709 - 710 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); *Newman v. First Atlantic Resources Corp.,* 170 F.Supp. 2d 585, 593 (M.D.N.C. 2001).

According to EAS, at the time of the court's last ruling, it had refrained from filing a motion to compel arbitration because, pursuant to the settlement agreement, the parties were first required to attempt to resolve the dispute through mediation. The parties mediated the case on February 16, 2005, but could not resolve the dispute. Subsequently, EAS requested Carsonite to submit the dispute to binding arbitration in accordance with this court's Order of October 19, 2004, but Carsonite has not agreed to do so. EAS then instigated this action, which seeks only to compel arbitration, on March 11, 2005. Carsonite opposes EAS's efforts to compel arbitration, and has filed a Motion to Stay Arbitration. In this motion, Carsonite argues that the

---

[3] At the time, the court noted that it was "unclear as to where arbitration should proceed, given the complicated citizenship of the parties and the lack of clarity in the arbitration provision itself." *See* Order of October 19, 2004 at 13.

3

court should stay any arbitration between Carsonite and EAS pending the outcome of a petition to cancel the '348 registration which Carsonite has filed with the United States Patent and Trademark Office.

## DISCUSSION

Carsonite alleges that this court should grant a stay of arbitration in its favor because "the dispute is not yet ready for arbitration because the status of the '348 trademark registration is uncertain." (Carsonite Mot. at 6).[4] According to Carsonite, "[s]ince the registration is uncertain, Energy Absorption can not show they own a valid trademark that is subject to arbitration for infringement." *Id.*[5] EAS opposes Carsonite's motion on the grounds that (1) the court has already ruled that arbitration is required, and (2) Carsonite's trademark cancellation claim has no bearing on EAS's right to compel arbitration.

As noted in the October 19, 2004 Order, the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, reflects "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Underlying this policy is Congress's view that arbitration constitutes a more efficient dispute resolution process than litigation. *See Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001). Accordingly, "due

---

[4] In its Reply Memorandum, Carsonite also argues that it is at "a distinct disadvantage" because no formal discovery is allowed in arbitration pursuant to the terms of the settlement agreement. This has no bearing on the question of whether Carsonite entered into a valid and binding agreement to arbitrate, and whether the dispute between the parties falls within the scope of the arbitration agreement. Moreover, Carsonite explicitly agreed to this provision in signing the settlement agreement.

[5] Carsonite spends much time briefing the issue of why the '348 registration is invalid. As discussed above, these arguments are beyond the scope of the issues the court must decide, as the only question is whether the parties must submit to binding arbitration.

regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475-76 (1989). The Fourth Circuit has said that arbitration " 'should not be denied unless it may be said with positive assurance that the arbitration [agreement] is not susceptible of an interpretation that covers the asserted dispute.'" *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991).

As elaborated in the court's October 19th Order, all four factors are satisfied. The arbitration provision of the settlement agreement provides that "[i]n the event of a dispute or disputes between the parties with regard to *any provision, right, or obligation under this Agreement*," the parties would first pursue mediation, and then binding arbitration. (EAS Pet., Ex. 1). (emphasis added). Nothing in the settlement agreement or arbitration provision requires that EAS demonstrate the validity of the mark before arbitration ensues. Instead, the settlement agreement contemplates precisely the opposite - that arbitration is the appropriate forum for any dispute, including, for example, the validity of a registered mark, regarding the rights created

by the settlement agreement.[6]  Carsonite's claim that the '348 registration is invalid unquestionably constitutes "a dispute[sic] between the parties with regard to any provision, right or obligation under [the settlement agreement]," and accordingly, as this court has ruled once before, must be submitted to arbitration.

The question then becomes the appropriate venue for arbitration. The FAA provides that a district court shall defer to the terms of the parties' arbitration agreement. 9 U.S.C. § 4. Section 4 specifically states that "the court shall make an order directing the parties to proceed to arbitration *in accordance with the terms of the agreement.*" *Id.* (emphasis added). The district court must, therefore, apply a forum selection clause contained in the agreement if such a clause exists.

Here, the settlement agreement provides:

> In the event mediation or arbitration is commenced by [EAS],[7] the proceeding shall be commenced at the location of Carsonite's principal place of business and the venue for the proceeding shall be in the city and state of that location.

(EAS Pet., Ex. 1 at ¶ 24). Carsonite admits that its principal place of business is Early Branch, South Carolina. (Carsonite Ans. at ¶ 1). While there is some controversy about who actually commenced this action because Carsonite filed the original lawsuit with this court, EAS informs

---

[6] For the sake of brevity, the court incorporates the reasoning and conclusions contained within the October 19, 2004 Order without a further recitation.

[7] Again, the original reference was to Safe Hit, a corporation dissolved into EAS. This fact is of no import, however, as the arbitration provision is binding on EAS as Safe-Hit's successor in interest. *See, e.g., Zeigler Const. Co. Inc. v. Parkson Corp.,* 935 F.2d 1289, *2 (4th Cir. June 14, 1991).

6

the court that it will agree that it has commenced the proceedings at issue for purposes of this motion. Accordingly, the court hereby compels arbitration within this district.[8]

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that EAS's Petition to Compel Arbitration is **GRANTED.** The entire action is hereby **REFERRED** to arbitration within this district in accordance with the terms of the parties' 1993 settlement agreement.

It is further **ORDERED** that Carsonite's Motion to Stay Arbitration is **DENIED.**

**AND IT IS SO ORDERED.**

**s/ Patrick Michael Duffy**

**PATRICK MICHAEL DUFFY**
**UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**June 9, 2005**

---

[8] In support of its Motion to Stay, Carsonite also makes the argument that, under the rules provided by the Judicial Arbitration and Mediation Services, Inc., no arbitration proceeding has commenced. Carsonite states that "EAS is attempting to compel arbitration that does currently exist." (Carsonite Reply at 4). First, the whole point of a motion to compel arbitration is to instigate the arbitration proceedings. Moreover, the court is puzzled as to the point of this argument, as the simple reason that arbitration has not commenced is that Carsonite has, thus far, refused to arbitrate.